IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIANA A. DILLARD,

    Plaintiff,

           v.

SELENE FINANCE, LP, JPMORGAN
CHASE BANK, N.A., and STEARNS
LENDING, LLC,

    Defendants.

Civil Action No.
1:25-cv-03719-SDG

## OPINION AND ORDER

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Catherine M. Salinas [ECF 22], which recommends that the motions to dismiss filed by Defendants Stearns Lending, LLC; Selene Finance, LP; and JPMorgan Chase Bank, N.A. [ECFs 6, 10, 15] be granted. Plaintiff Briana Dillard filed objections. After careful consideration, Dillard's objections are **OVERRULED in part** and **SUSTAINED in part**. The R&R is **ADOPTED** insofar as it grants the motions to dismiss, but undersigned concludes that the dismissal of Counts I and V should be without prejudice.

## I.    Applicable Legal Standard

A party challenging a R&R issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361

(11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

When a litigant chooses to proceed *pro se*, her pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a

*pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II.    Discussion

The factual and procedural background of this case are fully set out in the R&R.[1] Dillard, proceeding *pro se*, raises nine objections to the R&R, though some objections are duplicative and some are frivolous.[2] Liberally construing Dillard's

---

[1]    ECF 22, at 2–8.

[2]    Dillard's objection "B" states that "[t]he R&R minimizes Defendant Chase's central role in the foreclosure chain." ECF 25, at 3. Dillard does not specify what portion of the R&R this objection is directed at, nor does she suggest how an alternative reading of "Chase's central role" would affect a single one of her claims; indeed, the objection does not appear to address any claim in particular. As such, undersigned will not consider this objection. *Schultz*, 565 F.3d at 1361 (requiring parties to make specific objections and stating that the district court need not consider frivolous, conclusive, or general objections). For similar reasons, the Court will not consider Dillard's objection "C," which asserts that "[t]he R&R disregard Georgia's strict compliance rule for recordation." ECF 25, at 4. Dillard states only that the R&R "excus[es] these statutory failures," "conflicts with binding Georgia precedent," and "undermines the integrity of the public recording system." *Id.* Again, this objection does not specify a particular portion of the R&R, nor does it address

*pro se* filing, the Court will address five of Dillard's objections, namely that: (1) the R&R incorrectly concludes that Dillard lacks standing to challenge various assignments;[3] (2) Dillard "did not abandon her RESPA claim and should have been granted leave to amend";[4] (3) the R&R erred in concluding that Dillard failed to allege a continuing controversy to support her declaratory judgment claims;[5] (4) the R&R did not liberally construe her *pro se* filing to interpret her Complaint as raising wrongful foreclosure or constitutional claims;[6] and that (5) the R&R's recommendation of dismissal should have been without prejudice.[7]

### A. The R&R did not err in concluding that Dillard lacks standing to challenge the assignments.

Dillard repeatedly argues that the R&R misapplied Georgia law as it pertains to a borrower's standing to challenge an assignment.[8] The R&R did not err; it is well-established that third parties to an assignment lack standing under Georgia law to challenge the validity of the assignment. *Montgomery v. Bank of Am.*,

---

Judge Salinas's recommendation on any particular claim; as such, the Court need not consider it. *See Schultz*, 565 F.3d at 1361.

3    ECF 25, at 2 (objection "A"), 5 (objection "F").

4    *Id.* at 5 (objection "E").

5    *Id.* at 6 (objection "G").

6    *Id.* (objection "H").

7    *Id.* at 7 (objection "I").

8    *Id.* at 2 (objection "A"), 5 (objection "F").

321 Ga. App. 343, 345–46 (2013) ("Even if we were to assume . . . that [the attorney's] execution of the assignment [ ] was flawed, the proper party to bring a claim against MERS would be the other party to the assignment . . . [the borrower] has no basis to contest the validity of the assignment."); *see also White v. Bank of Am. Bank, NA*, 597 F. App'x 1015, 1019 (11th Cir. 2014); *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 738–42 (2016). Contrary to what Dillard argues, this principle is true regardless of whether the borrower argues an instrument is "voidable" or "void ab initio."[9] *Ames*, 298 Ga. at 740 (stating that a borrower lacks standing to challenge an assignment even where "the entity attempting to foreclose has no legitimate claim to the security deed"). Additionally, Georgia law explicitly authorizes the transfer of deeds to secure debt. O.C.G.A. § 44-14-64(c). This objection is overruled.

### B.   The R&R did not err in concluding that Dillard abandoned her RESPA claim.

Dillard argues in her second objection that the R&R improperly dismissed her RESPA claim because she "did not intend" to abandon it.[10] Undersigned agrees with the R&R's finding that Dillard abandoned her RESPA claim when she

---

[9]   ECF 25, at 2–3 (objection "A").

[10]   *Id.* at 5 (objection "E"). Dillard also argues that if her RESPA claim lacked factual detail, the proper remedy was to grant leave to amend. *Id.* Undersigned considers this objection as part of her general objection that dismissal should have been without prejudice.

did not address it in her response to Selene's motion to dismiss. Her response to Selene's motion essentially concedes that her RESPA claim fails; she only mentions the claim in arguing that its dismissal will not affect her state-law claims.[11] Further, a party's "intent" does not guide the Court in determining whether a claim has been abandoned. "When a party fails to address a specific claim, or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned." *Ramsey v. Bd. of Regents of Univ. Sys. of Ga.*, 2013 WL 1222492, at *29 (N.D. Ga. Jan. 30, 2013), *aff'd*, 543 F. App'x 966 (11th Cir. 2013). Accordingly, this objection is overruled.[12]

---

[11]  ECF 18, at 4 ("Even if Plaintiff's RESPA claim is dismissed . . . [it] does not affect other state-law claims.").

[12]  Undersigned also agrees with the R&R's alternative reason for dismissing Dillard's RESPA claim, namely that she failed to state a plausible claim. ECF 22, at 21–22. To state a RESPA claim for failure to respond to a qualified written request, a plaintiff must "plead facts demonstrating that a written request was actually made, such as by discussing the date the request was sent, how it was delivered, and describing its contents showing they satisfied the requirements enumerated in 12 U.S.C. § 2605(e)(1)(B). Indeed, plaintiffs must make specific factual allegations showing that a written request was made, and that such request included the detail necessary to qualify under the statute." *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1232–33 (N.D. Ala. 2013) (collecting cases). "It is not enough to simply use the words 'qualified written request' somewhere in the Complaint." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dillard's Complaint did not include sufficient factual allegations to support her RESPA claim.

**C.      The R&R did not err in dismissing her declaratory judgment claims.**

Dillard argues that the R&R erred in treating her foreclosure as a past injury.[13] This addresses the portion of the R&R that recommends dismissal of her two claims seeking declaratory judgments that the Security Deed is unenforceable and that the Waiver of Borrower's Rights provision is invalid and unenforceable.[14] There, the R&R correctly cites controlling law that, to be entitled to a declaratory judgment, a plaintiff must allege that there is "a substantial continuing controversy between two adverse parties" and "must allege facts from which it appears there is a substantial likelihood that [s]he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). The R&R correctly noted that Dillard did not provide facts in her Complaint suggesting the injury is likely to continue or be repeated.[15] This alone is enough to support dismissal.

Dillard argues that the R&R overlooked her allegations, made for the first time in her response to the motion to dismiss,[16] that the foreclosure is void because

---

[13]   ECF 25, at 6 (objection "G").

[14]   ECF 22, at 11.

[15]   ECF 1, at 3–5.

[16]   ECF 18, at 4. On this point, the R&R correctly cites controlling law that a plaintiff cannot add claims to her complaint through arguments in her response brief. *See* Fed. R. Civ. P. 15(a); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

it is based on a void assignment, which, she says, renders her injury ongoing.[17] To the extent Dillard argues that the assignment from JP Morgan to Selene is void because of inconsistencies with the notary's signature and there being only an "unofficial witness,"[18] these arguments also fail. The R&R correctly cites controlling law that, in Georgia, "improper attestation of an assignment does not render it void." *Stoudemire v. HSBC Bank USA*, 333 Ga. App. 374, 376 (2015) (citing *Budget Charge Accounts v. Peters*, 213 Ga. 17, 18 (1957)).[19]

> ### D. The R&R did not err in concluding that Dillard did not raise independent wrongful foreclosure or constitutional claims.

Dillard argues that the R&R erred in concluding that she did not raise wrongful foreclosure or constitutional claims.[20] She insists that her factual allegations about being "manipulated into signing a waiver of her constitutional

---

[17]   ECF 25, at 6 (objection "G").

[18]   *Id.* at 4 (objection "D"), 6 (objection "G"); ECF 18, at 3–4.

[19]   To the extent that Dillard argues the R&R erred in relying on *Stoudemire* because it is factually different, *see* ECF 25, at 4 (objection "D"), that objection is overruled. While Dillard argues the plaintiffs in *Stoudemire* "did not allege that the assignment was void ab initio due to notarization fraud or improper attestation[,]" that is exactly what they argued. 333 Ga. App. at 375 ("[The] assignment, they argue, is void on its face because it is a forgery and it was not signed by the necessary corporate officers."). Additionally, Dillard's reliance on *U.S. Bank National Association v. Gordon*, 289 Ga. 12 (2011), is inapposite because that case held that a facially invalid security deed did not provide constructive notice to subsequent purchasers. But here, the assignment's alleged procedural irregularities do not render it facially invalid.

[20]   ECF 25, at 6 (objection "H").

rights in connection with the loan transaction" should be construed as such, despite not including wrongful foreclosure or constitutional counts in her claims for relief.[21] This objection is overruled. While Dillard is correct that *pro se* pleadings are to be construed liberally, *Erickson*, 551 U.S. at 94, a court is not "require[d] or allow[ed] . . . to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir. 2004)). Here, Dillard's Complaint includes a section titled "Claims for Relief" that specifically numbers five separate counts, none of which include a wrongful foreclosure or constitutional claim.[22] The Court is not obligated to infer additional claims for relief other than those actually identified.

> E.    **The R&R erred in part in concluding that Dillard's claims should be dismissed with prejudice.**

Lastly, Dillard argues that the R&R improperly recommends dismissal with prejudice.[23] While courts often give *pro se* plaintiffs leave to amend when requested, *see* Fed. R. Civ. P. 15(a); *Erickson*, 551 U.S. at 94, courts need not give leave to amend when "a more carefully drafted complaint could not state a claim."

---

[21]    *Id.*

[22]    ECF 1, at 5–8.

[23]    ECF 25, at 5 (objection "E"), 6 (objection "I").

*Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The R&R is generally correct in concluding that many of Dillard's claims are based on assignments of the Security Deed that she lacks standing to challenge, and for those claims, the R&R was correct in recommending dismissal with prejudice. However, for Dillard's challenges that are not based on the assignment—specifically, Count I (violation of RESPA) and Count V (fraud in the inducement)—undersigned concludes that Dillard should be granted the opportunity to amend. Accordingly, the objection is adopted in part and overruled in part. Dismissal of Counts II–IV shall be with prejudice, but dismissal of Counts I and V shall be without prejudice.

### III.   Conclusion

Dillard's objections to the R&R [ECF 25] are **OVERRULED in part** and **SUSTAINED in part**. Undersigned **ADOPTS** the R&R [ECF 22] as the Order of this Court, except to the extent that it recommends dismissal of Counts I and V be with prejudice. Defendants' motions to dismiss [ECFs 6, 10, and 15] are **GRANTED**. Counts II, III, and IV of Plaintiff's Complaint are **DISMISSED with prejudice**. Counts I and V of Plaintiff's Complaint are **DISMISSED without prejudice**. **Dillard is granted leave to amend Counts I and V only**. Dillard may file an amended complaint as to Counts I and V **within 21 days** of this Order.

Failure to timely do so will deem all her claims abandoned and dismissed with prejudice.

Lastly, Dillard's motion for leave to file a surreply to Selene's reply brief [ECF 26], motion to compel Defendants' compliance with Federal Rule 7.1 and Local Rule 3.3 [ECF 28], and "Plaintiff's Enhanced Rule 17(a) motion to require Defendants to show they are the real parties in interest and to prevent dismissal with prejudice" [ECF 29] are **DENIED**.[24]

The Clerk is **DIRECTED** to reinstate the referral of this case to Judge Salinas for further proceedings, and submit this Order to Judge Salinas after 21 days.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge

---

[24] To the extent that Dillard seeks to compel Defendants' compliance with Federal Rule 7.1 and Local Rule 3.3's requirements that a party file its certificate of interested persons and corporate disclosure statement, this request is moot. Defendants have filed their certificates of interested persons and corporate disclosure statements. *See* ECFs 11, 13, 16. To the extent that Dillard attempts to bring a motion under Federal Rule 17(a), she misunderstands the Rule. Rule 17(a) requires a plaintiff to sue in the name of the real party in interest. *See* Fed. R. Civ. P. 17(a). There is no right to relief for Dillard as she demands under Rule 17(a).